OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals the judgment of the Franklin County Court of Common Pleas, in which that court found that defendant-appellee, Stephen P. Linnen, is exempt from the registration requirements of R.C. 2950.04.
 {¶ 2} The facts relevant hereto are as follows. On December 23, 2003, appellee was indicted on 40 fourth-degree misdemeanor counts of public indecency, 13 third-degree misdemeanor counts of sexual imposition, two fourth-degree felony counts of gross sexual imposition, and one second-degree felony count of burglary. All counts stemmed from a course of conduct in which appellee was engaged over a 21-month period, and for which he became known in the central Ohio community as the "Naked Photographer."
 {¶ 3} On September 13, 2004, pursuant to a plea agreement, appellee pled guilty to 39 fourth-degree misdemeanor counts of public indecency, 11 third-degree misdemeanor counts of sexual imposition, two first-degree misdemeanor counts of sexual imposition, and one first-degree misdemeanor count of aggravated trespass. Appellant requested a nolle prosequi as to the three remaining counts.
 {¶ 4} The facts recited at the plea hearing reveal the following. Between March 2002 and November 2003, appellee, usually wearing nothing but a hat and sunglasses, approached over 30 women, and photographed them immediately upon the women noticing him and realizing that he was naked.
 {¶ 5} On November 19, 2003, appellee approached a woman who was doing her laundry in a public laundry room located on Harley Drive in Columbus. Appellee was naked except for a knit hat and a pair of sunglasses. Appellee took pictures of the woman, and a struggle ensued between the two, during which appellee dropped his hat, camera and sunglasses. Appellee fled, and the woman summoned police. When the police arrived, they saw appellee running from the scene. They apprehended him after a brief foot chase, and the woman identified appellee as the man who had approached her, exposed himself to her, and photographed her.
 {¶ 6} The police arrested appellee and seized the hat, camera and sunglasses found in the laundry room. DNA tests linked appellee to the hat recovered from the scene. A search of appellee's vehicle revealed several rolls of film, pairs of women's undergarments, hats and multiple pairs of sunglasses. During a subsequent search of appellee's home, police seized photographs of women, including some of the women who had reported being approached by the "Naked Photographer," a computer, computer accessories and a digital camera.
 {¶ 7} Two weeks after the court accepted appellee's guilty plea,[1] the court held a hearing on September 27, 2004, during which it sentenced appellee to 18 months of incarceration, with work release privileges.[2] The court also imposed a fine in the amount of $3,000, and ordered appellee to attend any recommended counseling. Finally, the court heard arguments from the parties with respect to the issue whether or not appellee would be required to register as a sexually oriented offender. The court found that appellee should not be required to comply with the registration requirements.
 {¶ 8} Following journalization of the court's sentencing entry, appellant timely appealed, and asserts the following two assignments of error for our review:
[1.] THE TRIAL COURT ERRED IN EXEMPTING DEFENDANT FROM REGISTRATION AS A SEXUALLY ORIENTED OFFENDER WHEN THE CRIME OF SEXUAL IMPOSITION AGAINST A MINOR IS NOT ELIGIBLE FOR EXEMPTION.
[2.] THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE ALLEGED PRESUMPTIVE EXEMPTION FROM REGISTRATION WAS NOT OVERCOME BY THE NEED TO REGISTER A SEXUAL OFFENDER WHO ENGAGED IN A DEMONSTRATED PATTERN OF MISCONDUCT.
 {¶ 9} Appellant's first assignment of error presents a question of law, which we review de novo and without deference to the trial court's determination. Wiltberger v. Davis (1996),110 Ohio App.3d 46, 51-52. Therein, appellant argues that the court erred in finding that appellee had pled guilty to only presumptively registration-exempt sexually oriented offenses. According to appellant, appellee should not have been given the benefit of the registration-exempt presumption, and appellant should not have been required to overcome the presumption in its efforts to see that registration requirements were imposed.
 {¶ 10} Pursuant to R.C. 2950.04, certain types of sex offenders are required to register with the sheriff in the county in which they reside. The statute provides, in part, that the types of offender within the purview of the statute must:
* * * register personally with the sheriff of the county within five days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than five days, shall register personally with the sheriff of the county immediately upon coming into a county in which the offender attends a school or institution of higher education on a full-time or part-time basis regardless of whether the offender resides or has a temporary domicile in this state or another state, shall register personally with the sheriff of the county in which the offender is employed if the offender resides or has a temporary domicile in this state and has been employed in that county for more than fourteen days or for an aggregate period of thirty or more days in that calendar year, shall register personally with the sheriff of the county in which the offender then is employed if the offender does not reside or have a temporary domicile in this state and has been employed at any location or locations in this state more than fourteen days or for an aggregate period of thirty or more days in that calendar year, and shall register with the sheriff or other appropriate person of the other state immediately upon entering into any state other than this state in which the offender attends a school or institution of higher education on a full-time or part-time basis or upon being employed in any state other than this state for more than fourteen days or for an aggregate period of thirty or more days in that calendar year regardless of whether the offender resides or has a temporary domicile in this state, the other state, or a different state[.]
R.C. 2950.04(A)(1). The statute only applies to offenders who have "* * * been convicted of or pleaded guilty to, a sexually oriented offense that is not a registration-exempt sexually oriented offense * * *." Id.
 {¶ 11} A violation of R.C. 2907.06, sexual imposition, is a "sexually oriented offense." R.C. 2950.01(D)(1). Appellee pled guilty to 11 counts of sexual imposition, violations of R.C.2907.06. Because appellee pled guilty to violations of R.C.2907.06, he would be subject to the requirements of R.C.2950.04(A)(1) if it were determined that his offenses are not registration-exempt.
 {¶ 12} "Registration-exempt sexually oriented offenses" are defined as "any presumptive registration-exempt sexually oriented offense, if a court does not issue an order under section2950.021 of the Revised Code that removes the presumptive exemption * * *." R.C. 2950.01(Q)(1). An offense is not a registration-exempt sexually oriented offense if the offense is a presumptive registration-exempt sexually oriented offense, and a court issues an order removing the exemption. R.C. 2950.01(Q)(2).
 {¶ 13} The definition of "presumptive registration-exempt sexually oriented offense," found in R.C. 2950.01(P)(1), includes the crime of sexual imposition if the offender is 18 years of age or older, the offender "previously has not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any sexually oriented offense described in division (P)(1)(a), (b), (c), (d), or (e) of this section, any other sexually oriented offense, or any child-victim oriented offense" and if the victim of the offense is 18 years of age or older. It is undisputed that appellee is over the age of 18, and that he has never previously been convicted of, pled guilty to, or been adjudicated a delinquent child for committing any sexually oriented offenses. Thus, so long as all of appellee's victims were 18 years of age or older, he is entitled to the presumption that he is exempt from registration.
 {¶ 14} We have thoroughly reviewed the record, and find absolutely no evidence therein that any of appellee's victims were under the age of 18 at the time of the offense perpetrated against them. There are no allegations anywhere in the indictment with respect to the age of any of the victims. There are likewise no allegations in the bill of particulars regarding the age or birth date of any victim.
 {¶ 15} The transcript of the guilty plea hearing contains no mention that any of the victims are minors. During appellant's recitation of the facts at that hearing, appellant referred to the victims only as "women" or "young women." Finally, none of the victims appeared at the sentencing hearing. In short, there is a dearth of evidence that any of appellee's victims were minors. Given the state of the record, the trial court was required, pursuant to the clear language of R.C. 2950.01(P)(1), to begin with the presumption that appellee is exempt from sexually oriented offender registration requirements. Accordingly, appellant's first assignment of error is overruled.
 {¶ 16} In support of its second assignment of error, appellant argues that the trial court abused its discretion in determining that appellant had not overcome the presumption of non-registration, and that appellee thus should not be required to register as a sexually oriented offender.
 {¶ 17} Pursuant to R.C. 2950.021, "[i]f an offender * * * pleads guilty to * * * any presumptive registration-exempt sexually oriented offense, the court that is imposing sentence on the offender for that offense * * * may determine, prior to imposing the sentence, * * * that the offender should be subjected to registration under section 2950.04 of the Revised Code * * *."
 {¶ 18} The statute goes on to prescribe, "[i]n making a determination under this division, the court shall consider all relevant factors, including, but not limited to, public safety, the interests of justice, and the determinations, findings, and declarations of the general assembly regarding sex offenders * * * that are set forth in section 2950.02 of the Revised Code."
 {¶ 19} "The statutory use of the word `may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary." Dorrian v. SciotoConservancy Dist. (1971), 27 Ohio St.2d 102, 107. In R.C.2950.021, the court "may" determine that the offender should be subject to the registration requirements of R.C. 2950.04. Thus, it is clear that the trial courts make determinations under R.C.2950.021 in the exercise of their sound discretion.
 {¶ 20} In this case, the trial court determined that appellee should not be subject to the sexually oriented offender registration requirement. Regardless of whether we agree with the trial court's decision, we may reverse that determination only if we find that the trial court abused its discretion. The phrase "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Beacon Journal Pub. Co. v. Stow
(1986), 25 Ohio St.3d 347, 349; State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 21} Here, the trial court identified and applied the correct statutory standard in deciding not to subject appellee to registration under R.C. 2950.04. The trial court clearly evaluated the evidence offered by both appellant and appellee and concluded there was insufficient evidence that appellee presented a risk of re-offending or that registration would enhance pubic safety.
 {¶ 22} The trial court noted that the only evidence offered by appellant in support of registration were some pornographic pictures found in appellee's home which depicted only adults. This evidence, coupled with the fact that appellee engaged in this unlawful conduct on multiple occasions, was the only evidence offered by appellant in support of its argument that appellee should be required to register as a sexually oriented offender. The trial court found this evidence insufficient when weighed against evidence offered by appellee — particularly given the presumptively registration-exempt offenses.
 {¶ 23} The trial court noted that appellee presented a favorable letter from his mentor and counselor from the Ohio Lawyer's Assistance Program. The trial court noted that appellee has been in psychological counseling for at least ten months and has been attending sexual anonymous meetings four to six times a week. The trial court also indicated that appellee accepted responsibility for his actions and he has apologized to his victims. The trial court concluded by stating "[c]onsidering the nature of the offenses, and the state's and the defense's evidence, and the arguments, as well as the factors set forth in the statute, this court finds that the defendant presents no risk of reoffending, no risk of public safety such as would be required to remove the registration exemption." (Sept. 27, 2004 Tr. 24-25).
 {¶ 24} We further note that appellant failed to present any evidence that appellee's conduct was likely to continue despite treatment/counseling or that his conduct could escalate to more serious unlawful behavior. Lastly, nothing in R.C. 2950.021
required the trial court to disregard the presumption of non-registration simply because appellee committed the offense on multiple occasions.
 {¶ 25} Given the trial court's assessment of the evidence presented, its decision not to remove the registration exemption is not unreasonable, arbitrary, or unconscionable. Therefore, the trial court did not abuse its discretion in refusing to require appellee to register as a sexually oriented offender. Accordingly, appellant's second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Christley, J., concurs.
Salder, J., concurs in part and dissents in part.
Christley, J., retired, of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
[1] The court did not order a pre-sentence investigation. However, the court scheduled for a later date the sentencing hearing and the hearing on whether appellee would be required to register as a sexually oriented offender because, given that R.C.2950.021 was a relatively new statute, the parties had requested that they be allowed to submit memoranda on the issue. (Sept. 13, 2004 Tr., 12-13.) Section 2950.021 of the Ohio Revised Code became effective on July 31, 2003, scarcely more than one year before the hearing held in the instant case.
[2] The parties jointly recommended a total sentence of 18 months of incarceration. The parties made no recommendation regarding work release privileges.