DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jonathan Webb, appeals the judgment of the Oberlin Municipal Court which adjudicated him a habitual sexual offender. This Court affirms.
 I {¶ 2} On July 13, 2005, appellant entered a plea of no contest to a charge of sexual imposition, a violation of R.C.2907.06. That same day the trial court accepted appellant's plea, found him guilty, fined him, and sentenced him to probation. The trial court set the matter for a sexual offender classification hearing on November 2, 2005. At the hearing, appellant asserted that he could not be classified as a sexual offender because the trial court was required by the Revised Code to hold such a hearing prior to his sentencing. The trial court disagreed and found appellant to be a habitual sexual offender. Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II ASSIGNMENT OF ERROR
"THE TRIAL COURT'S CLASSIFICATION OF THE APPELLANT AS A SEXUALLY ORIENTED OFFENDER IS INVALID AS THE SEXUAL CLASSIFICATION HEARING WAS HELD AFTER THE SENTENCE IN VIOLATION OF R.C. § 2950.09(B)."
 {¶ 3} In his sole assignment of error, appellant argues that his sexual offender classification must be vacated. Specifically, appellant asserts that the trial court lacked the authority to hold the hearing because it failed to comply with R.C.2950.09(B). This Court disagrees.
 {¶ 4} R.C. 2950.09(B)(2) provides as follows:
"Regarding an offender, the judge shall conduct the [sexual offender classification] hearing required by division (B)(1)(a) of this section prior to sentencing[.]"
With regard to the above section, the Ohio Supreme Court has held as follows:
"[T]he language of [the above statute] `does not establish that its time periods are for anything other than convenience and orderly procedure,' see State ex rel. Harrell v. Streetsboro Bd.of Edn. (1989), 46 Ohio St.3d 55, 63, and it `does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' See In re Davis (1999),84 Ohio St.3d 520, 522; see, also, State ex rel. Smith v. Barnell (1924), 109 Ohio St. 246, 255. The provision, then, is not jurisdictional, and a defendant may waive the requirement * * * that the sexual predator hearing precede sentencing." State v. Bellman (1999),86 Ohio St.3d 208, 210.
Appellant asserts that unlike the defendant in Bellman, he has not waived the requirements of R.C. 2950.09(B) because he objected to the trial court's attempt to hold its hearing after sentencing. Assuming arguendo that appellant's objection at the beginning of the classification hearing precludes a waiver of the requirements of R.C. 2950.09(B), his argument still must fail.
 {¶ 5} The Second District has addressed such an argument, and this Court agrees with the logic of our sister court, which held as follows:
"Unlike the facts of Bellman, neither Echols nor his attorney waived the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede the sentencing. The supreme court's decision in Bellman makes it clear, however, that the statute's requirement that the sexual predator hearing precede the sentencing is merely directory, not mandatory. Further, theBellman court stated that the time requirement in the statute is not jurisdictional, so the trial court did not lose its jurisdiction to hold the sexual predator hearing after it sentenced Echols. We conclude that although the trial court did err when it sentenced Echols before conducting the sexual predator hearing, such error was harmless, because the statutory time requirement in R.C. 2950.09(B)(1) is merely directory and the trial court still had jurisdiction to hold the sexual predator hearing. See Crim.R. 52(A). Furthermore, no prejudice was apparent as a result of the postponement of the sexual predator hearing." State v. Echols (May 5, 2000), 2d Dist. Nos. 99CA60 99CA82. See, also, State v. Wyant, 12th Dist. No. CA2003-08-029, 2004-Ohio-6663.
As the Echols court noted, Bellman held that the trial court maintains jurisdiction to hold a sexual offender classification hearing. Accordingly, it is clear that the trial court had the authority to hold its hearing.
 {¶ 6} Furthermore, appellant has alleged no prejudice from the less than four month delay that resulted from the trial court's failure to adhere to R.C. 2950.09(B). As one court has held:
"If anything, a prior finding that an offender is a sexual predator would tend to increase, not lessen, the sentence that he receives." State v. Hurst, 2d Dist. No. 20435, 2005-Ohio-128, at ¶ 6.
Although appellant was adjudicated a habitual sexual offender, this Court finds the logic espoused in Hurst applicable. Accordingly, appellant has demonstrated no prejudice from the trial court's failure to adhere to the directory time period contained within R.C. 2950.09(B). Appellant's sole assignment of error, therefore, is overruled.
 III {¶ 7} Appellant's assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Boyle, J. Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)