DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Ottawa County Court of Common Pleas after defendant-appellant, Timothy T. Johnson, entered guilty pleas to five drug related fifth degree felony offenses and one count of sexual imposition, a third degree misdemeanor. In addition, the lower court determined that appellant was a sexually oriented offender not exempt from the registration requirements. Appellant now challenges that judgment through the following assignments of error:
"I. The trial court's decision to impose maximum and consecutive sentences as to the five felony counts of the indictment was an abuse of discretion.
"II. The trial court's ruling pursuant to R.C. Sec. 2950.021 [sic], removing the presumptive exemption from registration as a sexually oriented offender, was an abuse of discretion.
"III. R.C. Sec. 2950.021 [sic], and the trial court's application of that statute, violated the appellant's procedural due process rights under the 14th Amendment."
On August 25, 2005, appellant was charged by information with four counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), all fifth degree felonies, one count of possession of drugs in violation of R.C. 2925.11(A), a fifth degree felony, and one count of sexual imposition in violation of R.C. 2907.06(A)(1), a third degree misdemeanor. On that same day, appellant entered guilty pleas to all of the charges in the information. The guilty plea form that appellant signed includes the following statement:
"I understand that if I am convicted of a sexually oriented offense, I will be required to register with the County Sheriff of the county wherein I may reside according to law, Ohio Revised Code 2950. et seq. I understand that I must immediately report to the Adult Probation Department to be photographed and finger printed pursuant to Ohio Revised Code Section 2950.03(C)(1)."
On September 29, 2005, the case came before the lower court for sentencing and a sexual offender classification hearing. Initially, the court heard the sexual offender classification matter in which the state asked that the court remove the exemption and find appellant to be a sexually oriented offender subject to the registration requirements of R.C. Chapter 2950. In support of its argument, the state asked the court to consider the interests of public safety, justice and the need to protect society. The state further noted the facts of the case as follows:
"If the Court recalls, as I am sure the Court does, the facts from this case, the Defendant is alleged to have and has pled guilty to several offenses, but in this case, the Defendant was on a hot list and could not rent hotel rooms, so he had to get a person to go rent these hotel rooms for him.
"He did that in this case with Shannon [R.], who was the victim of the sexual imposition. He used her to get the hotel room, and once he was done dealing with the in-and-out traffic all night, he decided to take advantage of her, and at that point he imposed himself upon her, took advantage of her. What resulted in this case is a conviction for sexual imposition, a misdemeanor, but the facts as alleged in the indictment [sic], and I am sure through the pre-sentence investigation with the victim, that there was more than that, and the Court can take those factors into consideration.
"I ask the Court find that that offense was aggravated to an extent that the Defendant could be found a sexually oriented offender by itself, but I believe the Defendant does have a history of using people and victimizing people, and to allow the Defendant to do what he did and walk away out of a sexual classification would not be in the interest of pubic safety or in the interest of justice or in the best interests of any other female who may be involved with the Defendant later down the road."
Appellant's counsel then argued that because appellant had no prior history of sexual offenses or convictions, because the victim of this offense was over 18 years of age, and because the victim had plenty of opportunity to leave the hotel room to make a police report but waited until she met with her probation officer to report the incident, the court should find that the presumptive exemption from registration for this sexually oriented offense was appropriate. Next, the court heard from appellant personally, who stated that he and the victim had spent the weekend doing cocaine and drinking alcohol. Appellant stated that the victim was willingly with him and that he did not force himself on her. In addition to the arguments and statement of appellant, the court reviewed and considered the presentence investigation report and determined that appellant, who had pled guilty to a presumptive registration-exempt sexually oriented offense, should be subjected to the registration requirements under R.C. 2950.03 and .04.
At the September 29, 2005 hearing, the court also pronounced sentence. In determining the appropriate sentences on the five felony drug charges, the lower court reviewed the sentencing factors set forth in R.C. 2929.14(B), (C) and (E)(4), and sentenced appellant to the maximum term of 12 months incarceration on each charge and ordered that the five terms be served consecutively. On the misdemeanor charge of sexual imposition, the court sentenced appellant to 60 days incarceration and ordered that that term be served concurrently with the other five terms.
In his first assignment of error, appellant challenges the maximum and consecutive nature of the felony sentences imposed by the lower court.
Upon review, we find that this assignment of error is controlled by the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court held that R.C. 2929.14(B),2929.14(C) and 2929.14(E)(4) violate theSixth Amendment to the United States Constitution pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Because the trial court relied on unconstitutional statutes in sentencing appellant, we find that the felony sentences imposed by the trial court are void and must be vacated. Foster, supra, ¶ 103-104. Accordingly, the first assignment of error is well-taken.
We will next address the third assignment of error in which appellant asserts that R.C. 2950.021 is unconstitutional on its face and as applied to him. Appellant contends that the procedure set forth in R.C. 2950.021 violated his Fourteenth Amendment right to procedural due process because it only offered an optional hearing, no standard of proof, and a vague and undetermined set of criteria for a sentencing court to use in determining whether to remove the presumptive exemption and subject the offender to the registration requirements.
R.C. Chapter 2950 creates a classification system applicable to sexual offenders. Sexual offenders are classified as either sexual predators, habitual sex offenders, or sexually oriented offenders. Based on the offender's classification, the statutes then set forth registration and notification requirements. In State v. Williams (2000),88 Ohio St.3d 513, 518-519, the Supreme Court of Ohio discussed in detail R.C. Chapter 2950 and the purposes behind it:
"In the opinion of the General Assembly, the classification, registration, and notification requirements in H.B. 180 are a `means of assuring public protection.' Id. To support its conclusion that the provisions of H.B. 180 were necessary, the General Assembly advanced several findings.
"The General Assembly found that if the public is provided notice and information about sexual predators, habitual sex offenders, and other individuals convicted of sexually oriented offenses as defined in R.C. 2950.01, the citizens can inform and prepare themselves and their children for the release from confinement of a sex offender. R.C. 2950.02(A)(1). Dissemination of information is deemed to be justified because sexual predators and habitual sex offenders pose a high risk of recidivism, and protection of the public from these types of sex offenders is of `paramount governmental interest.' R.C. 2950.02(A)(2). The General Assembly further concluded that a `person who is found to be a sexual predator or a habitual sex offender has a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.' R.C. 2950.02(A)(5).
"Revised R.C. Chapter 2950 is separated into three sets of provisions. The first, which took effect on January 1, 1997, established a new classification system for convicted sex offenders. Under R.C. 2950.09, a sentencing court must determine whether a sex offender is a habitual sex offender, a sexual predator, or a sexually oriented offender.
"As defined, a `habitual sex offender' is a person who has been `convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses.' R.C. 2950.01(B). A `sexual predator' is [a] `person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.' R.C. 2950.01(E). A sexually oriented offender is a person who has committed a `sexually oriented offense' as defined in R.C. 2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator."
In 2003, the General Assembly amended R.C. Chapter 2950 to include what is essentially a "fourth class of sex offenders — the registration-exempt sexually oriented offenders[.]" State v.Cooper, 1st Dist. No. C-030921, 2004-Ohio-6428, ¶ 14. Under R.C. 2950.01, a presumption is created that certain sexually oriented offenses are exempt from the registration requirements of R.C. Chapter 2950. Pursuant to R.C. 2950.01(P)(1)(a) and (D)(1)(e), sexual imposition (proscribed by R.C. 2907.06) committed by an offender who is 18 year of age or older, is a "presumptive registration-exempt sexually oriented offense" when committed by a person who has not previously been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any sexually oriented offense described in R.C. 2950.01(P)(1)(a), (b), (c), (d) or (e), any other sexually oriented offense or any child-victim oriented offense, and the victim or intended victim of the offense is 18 years of age or older. A presumptive registration-exempt sexually oriented offense then becomes a "registration-exempt sexually oriented offense" if a court does not issue an order pursuant to R.C. 2950.021 "that removes the presumptive exemption and subjects the offender who was convicted of or pleaded guilty to the offense to registration under [R.C.] 2950.04 * * * and all other duties and responsibilities" imposed under R.C. Chapter 2950 upon sexual offenders. R.C. 2950.01(Q)(1).
R.C. 2950.021 sets forth the procedure that a sentencing court is to follow in determining whether an offender who has been convicted of a presumptive registration-exempt sexually oriented offense should be subjected to the registration requirements of R.C. Chapter 2950. The statute provides in relevant part:
"(A) If an offender is convicted of or pleads guilty to * * * any presumptive registration-exempt sexually oriented offense, the court that is imposing sentence on the offender for that offense * * * may determine, prior to imposing the sentence * * * that the offender should be subjected to registration under section 2950.04 of the Revised Code and all other duties and responsibilities generally imposed under this chapter upon persons who are convicted of or plead guilty to any sexually oriented offense other than a presumptive registration-exempt sexually oriented offense * * *. The court may make a determination as described in this division without a hearing but may conduct a hearing on the matter. In making a determination under this division, the court shall consider all relevant factors, including, but not limited to, public safety, the interests of justice, and the determinations, findings, and declarations of the general assembly regarding sex offenders and child-victim offenders that are set forth in section 2950.02 of the Revised Code."
In R.C. 2950.02(B), the General Assembly declared that its purpose in enacting R.C. Chapter 2950 and its classification, registration and notification requirements was "to protect the safety and general welfare of the people of this state." A basis for the General Assembly's declarations in R.C. 2950.02 is its recognition, set forth in R.C. 2950.02(A)(2), that "Sex offenders and offenders who commit child-victim oriented offenses pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and offenders who commit child-victim oriented offenses is a paramount governmental interest."
It is well established that "[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. Accordingly, we start with the presumption that R.C. 2950.021 is constitutional.
The Fourteenth Amendment to the United States Constitution provides in part that no state shall deprive any person of life, liberty or property without due process of law. In State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, the Supreme Court of Ohio determined that the prior version of R.C. Chapter 2950, in effect before the 2003 amendments, did not violate the due process clauses of the United States and Ohio Constitutions. Specifically, the court held at paragraph two of the syllabus: "The Due Process Clauses of theFourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." In reaching this conclusion, the court noted that to trigger the protections under theFourteenth Amendment, "a sexual offender must show that he was deprived of a protected liberty or property interest as a result of the registration requirement." Id., ¶ 6. The court then continued at ¶ 14:
"A constitutionally protected liberty interest has been defined as freedom from bodily restraint and punishment. Ingraham v. Wright (1977),430 U.S. 651, 673-674 * * *, citing Rochin v. California (1952),342 U.S. 165 * * *. Appellee has certainly not suffered any bodily restraint as a result of the registration requirement imposed on him as a sex offender. Nor has he been punished. In State v. Eppinger (2001),91 Ohio St.3d 158, 165 * * *, we stated that `R.C. Chapter 2950 is not meant to punish a defendant, but instead, "to protect the safety and general welfare of the people of this state."' Id., quoting R.C. 2950.02(B). See, also, State v. Williams (2000), 88 Ohio St.3d 513, 527 * * *. (The registration provisions of R.C. Chapter 2950 are neither criminal nor punitive in nature.)
"* * *
"* * * [Rather, i]n State v. Cook (1998), 83 Ohio St.3d 404, 412, * * * we held that `the registration and address verification provisions of R.C. Chapter 2950 are de minimis procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950.'"
As set forth above, in its 2003 amendments to R.C. Chapter 2950 and enactment of R.C. 2950.021, the General Assembly allowed that some sexually oriented offenders who commit less serious sexually oriented offenses would be exempt from the registration requirements. The General Assembly, however, further granted the sentencing court the discretion to remove the exemption and require those offenders to register after considering "* * * all relevant factors, including, but not limited to, public safety, the interests of justice, and the determinations, findings, and declarations of the general assembly regarding sex offenders and child-victim offenders that are set forth in section 2950.02 of the Revised Code." This determination may be made with or without a hearing. Accordingly, in making its determination, the court can review the presentence report, the defendant's criminal history, and the underlying facts of the case to determine whether it is in the interests of justice and public safety to require the defendant to register as a sexually oriented offender. This differs from the cases in which a sentencing court must determine whether an offender is a sexual predator. In those instances, a hearing is required because the court must make a factual determination as to whether the offender "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09. Moreover, the notification requirements applicable to sexual predators and habitual sex offenders do not apply to sexually oriented offenders. R.C. 2950.10(B) and 2950.11(F);Cook, supra, at 408-409.
As discussed above, the registration requirements imposed on sexually oriented offenders are not criminal or punitive, affect no protected liberty interest and are de minimis procedural requirements. The simple requirement that a convicted sexually oriented offender register with the county sheriff's office once a year for a period of 10 years does not infringe on a constitutionally protected interest, whether it is imposed with or without a hearing. Accordingly, R.C. 2950.021 does not violate a sexually oriented offender's right to due process and the third assignment of error is not well-taken.
Finally, in his second assignment of error, appellant asserts that the trial court abused its discretion in removing the exemption and thereby requiring him to register as a sexually oriented offender.
As set forth above, whether a sentencing court removes the exemption from a presumptive registration-exempt sexually oriented offense is a matter that is left to that court's sound discretion. R.C. 2905.021(A);State v. Linnen, 10th Dist. No. 04AP-1138, 2005-Ohio-6962. Accordingly, we will only reverse a sentencing court's determination in this regard where the trial court has abused its discretion. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
In the present case, the lower court removed the exemption from registration after considering appellant's lengthy criminal history, the presentence investigation report, the underlying facts of the case and statements from the prosecuting attorney, appellant's counsel and appellant himself. Although the court did not make any express findings in support of its conclusion, we cannot say that the court abused its discretion in removing the exemption. Appellant has a lengthy criminal record. Although this is the first time he has been convicted of a sexually oriented offense, his record shows that the severity of his crimes has increased with the passage of time. He previously served two terms in prison as well as other terms for misdemeanor offenses. Moreover, despite pleading guilty to sexual imposition, appellant, in his statement to the court below, refused to take responsibility for his actions and stated that the victim was willingly with him and that he did not force himself upon her. Under these circumstances, we conclude that the trial court did not abuse its discretion in removing the exemption and ordering appellant to register as a sexually oriented offender. The second assignment of error is not well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed in part and reversed in part. The sentence is hereby vacated and the case is remanded to the trial court for resentencing in accordance with this decision. The parties are ordered to pay equally the costs of this appeal pursuant to App. R. 24.
Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.