JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Benjamin Klepatzki, appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case and the facts, the grand jury returned an eight-count indictment against appellant on May 24, 2001. Appellant was indicted on two counts of voyeurism, three counts of breaking and entering, two counts of menacing by stalking, and one count of burglary. Appellant entered a plea of not guilty to the indictment at his May 29, 2001 arraignment.
 {¶ 3} Appellant was referred for a psychiatric evaluation in an effort to determine his competency to stand trial and his sanity at the time of the act. On July 31, 2001, the trial court found appellant competent to stand trial and sane at the time of the act. On the same day, appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to an amended indictment. Appellant pled guilty to two counts of breaking and entering, two counts of voyeurism, and two counts of menacing by stalking.
 {¶ 4} The lower court sentenced appellant on August 22, 2001. The court originally ordered appellant to serve a term of incarceration. However, the trial court later suspended the sentence and placed appellant on five years of community control sanctions. Within three months of imposing the original sentence, the trial *Page 3 
court modified the terms and conditions of appellant's community control sanctions. On July 19, 2002, the trial court found appellant in violation of his community control sanctions, and reinstated the term of imprisonment, sentencing appellant to a combined term of incarceration of 17 months.
 {¶ 5} On June 19, 2006, the lower court conducted a sexual predator adjudication hearing, and appellant was adjudicated a sexual predator. Following his classification as a sexual predator, appellant timely filed a notice of appeal, raising one assignment of error.
 II. {¶ 6} Appellant's assignment of error: "The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses."
 III. {¶ 7} R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually-oriented offenders. State v. Cook, 83 Ohio St.3d 404 at 407,1998-Ohio-291, 700 N.E.2d 570. To earn the designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually-oriented offense and must be found by the court likely to engage in the future in one or more sexually-oriented offenses. R.C. 2950.01(E).
 {¶ 8} The trial court must determine by clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(4). Clear and convincing does not *Page 4 
mean clear and unequivocal; rather, it refers to "that measure or degree of proof, which will produce in the mind of the trier of the fact a firm belief or conviction as to the facts sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases." State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118. As a reviewing court, we must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. Cross, supra.
 {¶ 9} R.C. 2950.09(B)(3) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute. Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually-oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender has been convicted of any criminal offense and whether that offense was a sexual offense, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty *Page 5 
toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 10} The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to the defendant in order to conclude the defendant is a sexual predator.State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065.
 {¶ 11} We conclude that the record sufficiently supports appellant's sexual predator classification. The court completed a battery of tests and a psychiatric evaluation on appellant. The court conducted a STATIC-99 test and appellant received a score of nine. Appellant's STATIC-99 score of nine corresponds with an extremely high likelihood of reoffending in the future. Although, appellant argues that his score on the STATIC-99 is erroneous, we find his argument to be incomplete. Appellant argues that the STATIC-99 was partly based on the victim being male, instead of female, and therefore should not be considered. However, the gender of the victim is only one factor in the STATIC-99, and while it may raise or lower a score, an incorrect victim gender classification does not negate the entire test.
 {¶ 12} In addition to the STATIC-99 test, appellant also scored a six on the Minnesota Sex Offender Screening Tool. A six on the Minnesota Sex Offender Screening Tool demonstrates a moderate risk of reoffending. In addition to the *Page 6 
STATIC-99, the record demonstrates that there were other tests and factors impacting the lower court's decision in this case. Accordingly, we do not find appellant's argument regarding the relevance of the STATIC-99 to be persuasive.
 {¶ 13} In addition to the reoffending risks found in the STATIC-99 and the Minnesota Sex Offender Screening Tool tests, appellant has a history of voyeuristic behavior, coupled with an interest in fetishes. In fact, appellant was diagnosed with voyeurism and failed to participate in sex offender programming.[1]
 {¶ 14} In addition, the record also demonstrates that the statements of four young female victims were presented to the lower court. One of the victims addressed a letter to the trial court specifically for the sexual predator adjudication hearing.
 {¶ 15} The trial court found appellant's lengthy criminal history to be a factor. In 1989, appellant was convicted of gross sexual imposition and attempted intimidation. In 1994, appellant pled guilty to aggravated assault. In 1999, he pled guilty to vandalism. In 2001, he victimized four separate women by exposing himself to them and essentially stalking them. Appellant also has numerous municipal court convictions.
 {¶ 16} In addition to appellant's lengthy criminal history, the record demonstrates that appellant has a history of mental illness and has spent significant *Page 7 
portions of his life on psychotropic medications. Appellant has also been diagnosed with bipolar disorder, polysubstance dependence, and antisocial personality disorder.
 {¶ 17} The trial court also found appellant's failure to participate in sex offender programming, use of multiple victims, substance abuse history, and ongoing pattern of sexual abuse to be significant.
 {¶ 18} Based on our review of the record, we conclude that the evidence is sufficient as a matter of law to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually-oriented offenses.
 {¶ 19} Accordingly, we overrule appellant's assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Tr. 10. *Page 1