OPINION
{¶ 1} Appellant, Michael J. Romeo, appeals from the June 27, 2007 judgment entry of the Portage County Municipal Court, Kent Division, which sentenced him for one count of sexual imposition. For the following reasons, we modify in part and affirm as modified.
 {¶ 2} Substantive and Procedural Facts
 {¶ 3} Appellant ("Mr. Romeo") was charged with one count of sexual imposition, a misdemeanor of the third degree in violation of R.C.2907.06(A)(1) on May 21, 2007, *Page 2 
for an incident that occurred at Tinkers Creek State Park in Aurora, Ohio. He subsequently pled no contest on June 27, 2007. The trial court found him guilty and further found by clear and convincing evidence that the act was committed with a sexual motivation and that both of the victims were over eighteen years of age.
 {¶ 4} On the same day, the trial court sentenced Mr. Romeo to a sixty day jail term and ordered him to pay a fine of $500. Fifty-seven days of the jail term and $250 of the fine were suspended provided that Mr. Romeo met the following conditions: complete twenty hours community service, undergo ten days of electronically monitored house arrest, abstain from any contact with the victims, refrain from entering Tinker Creek State Park, and register as a sexually oriented offender.
 {¶ 5} Mr. Romeo now appeals the imposition of the sexually oriented offender registration requirement. The state concedes that the trial court failed to comply with R.C. 2950.021 to remove the presumptive registration-exemption before sentencing Mr. Romeo as a sexually oriented offender.
 {¶ 6} Mr. Romeo raises one assignment of error:
 {¶ 7} "[1.] The trial court erred as a matter of law by ordering Mr. Romeo to register as a sexually oriented offender."
 {¶ 8} Standard of Review
 {¶ 9} Because we are asked to ascertain whether the trial court correctly applied the law to the facts of the present case, we review de novo since "[w]e review questions of law de novo." Trans Rail America,Inc. v. Hubbard Twp., 172 Ohio App. 3d 499, 2007-Ohio-3478, ¶ 25, citingLong Beach Assn. v. Jones (1988), 82 Ohio St.3d 574, 576; Ohio Bell Tel.Co. v. Pub. Util. Comm. of Ohio (1992), 64 Ohio St.3d 145, 147. "Under a de novo standard of review, the appellate court reviews the judgment *Page 3 
`independently and without deference to the trial court's determination.'" Id., citing Kovacic v. Eastlake, 11th Dist. No. 2005-L-025, 2006-Ohio-7016, ¶ 56 (citations omitted). See, also,State v. Linnen, 10th Dist. No. 04AP-1138, 2005-Ohio-6962, ¶ 9.
 {¶ 10} Presumption of Registration-Exempt Sexual Offender
 {¶ 11} In his sole assignment of error, Mr. Romeo argues that the trial court erred in requiring him to register as a sexual offender since he was convicted of a presumptive registration-exempt sexually oriented offense. In order to require him to register as a sexual offender, Mr. Romeo argues that the trial court was required to overcome the presumption of exemption and issue an order of its determination pursuant to former R.C. 2950.021.[1] We determine that Mr. Romeo's argument has merit.
 {¶ 12} Mr. Romeo was convicted of sexual imposition, a misdemeanor of the third degree in violation of R.C. 2907.06(A)(1). Pursuant to R.C.2950.01(D)(1)(e), sexual imposition in violation of 2907.06(A)(1) "when the victim of the offense is eighteen years of age or older" is classified as a "sexually oriented offense." Furthermore, pursuant to R.C. 2950.01(P)(2), this type of sexual imposition is deemed to be a "presumptive registration-exempt sexually oriented offense."
 {¶ 13} A defendant convicted of a sexually oriented offense that is deemed to be presumptively registration-exempt is not required to register as a sexual offender unless and until the trial court overcomes the presumption pursuant to former R.C. 2950.021. See R.C.2950.01(Q)(1). Thus, the court in its discretion may remove the presumption and require registration as a sexual offender if it follows the procedure mandated by R.C. 2950.021. *Page 4 
 {¶ 14} In order to do so, the court must make a determination to remove the presumptive exemption. The court is not required to hold a hearing, but in making its determination the court is required to consider "all relevant factors, including, but not limited to, public safety, the interests of justice, and the determinations, findings, and declarations of the general assembly regarding sex offenders * * *." R.C.2950.021(A).
 {¶ 15} Once the court considers all of the relevant factors and deems an offender to have overcome the presumption of a registration-exempt status, the court "shall issue an order that contains itsdetermination and that removes the presumptive exemption from registration for the sexually oriented offense, shall include the orderin the offender's sentence * * *, and shall enter the order in the recordin the case." R.C. 2950.021(B)(1). (Emphasis added.)
 {¶ 16} The trial court's order terminates the presumptive exemption from registration and has the effect of subjecting the offender to registration and all the other duties and responsibilities that are "generally imposed * * * upon persons who * * * plead guilty to any sexually oriented offense other than a presumptive registration-exempt sexually oriented offense." R.C. 2950.021(B)(2).
 {¶ 17} In this case, Mr. Romeo argues that the trial court erred by failing to issue an order containing its determination that Mr. Romeo has overcome the presumption of a registration-exempt sexual offender. The state concedes that the trial court failed to comply with R.C.2950.021 to remove the presumptive registration-exemption before sentencing Mr. Romeo to register as a sexually oriented offender. A review of the record reveals that the trial court did not issue such an order.
 {¶ 18} There is no question that this is Mr. Romeo's first sexually oriented offense and that the court found by clear and convincing evidence that the victims in this *Page 5 
case were over the age of eighteen. Thus, Mr. Romeo was convicted of a presumptive registration-exempt sexually oriented offense and before the court ordered him to register as a sexual offender, it was required to issue an order pursuant to R.C. 2950.021 to remove the presumption, which in this case it failed to do.
 {¶ 19} For the foregoing reasons, we find Mr. Romeo's argument has merit. We affirm the sentence imposed by the Portage County Municipal Court, Kent Division, with the exception of the sex offender registration condition. We modify Mr. Romeo's sentence to vacate the sex offender registration condition and affirm the sentence in its entirety as modified.
COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur.
[1] R.C. 2950.021 has since been repealed. *Page 1