OPINION
{¶ 1} Appellant, Michael P. Ricard, appeals the judgment entry of sentence entered by the Portage County Municipal Court, Kent Division, after a jury found him guilty of voyeurism and criminal trespass. In addition, the trial court found Ricard guilty of criminal trespass.
 {¶ 2} As part of Ricard's sentence, the trial court fined him $500 and ordered him to serve 60 days in jail, but then suspended 20 days of the jail term and $200 of the fine. The trial court further ordered Ricard to register with the Portage County and *Page 2 
Medina County Sheriffs Departments under former R.C. 2950.01 et seq., submit to a drug and alcohol, mental health and sexual offender evaluation, and to have no contact with the victims.
 {¶ 3} Ricard filed notices of appeal in this court on May 2, 2007. Thereafter, Ricard filed a motion to stay his sentence pending appeal. Specifically, Ricard requested that he not be required to register as a sex offender until the final merits of the instant appeals are reached and to stay the execution of his 40-day jail term. This court, in a May 16, 2007 judgment entry, overruled Ricard's request to stay the registration requirement but granted his request to stay the execution of his 40-day jail term pending the outcome of the appeals. In the entry, this court stated that the stay order "shall not take effect until [Ricard] has posted with the Portage County Clerk of Courts a supersedeas bond in the amount of $10,000, cash or surety, for which a ten-percent deposit may be accepted." Further, this court consolidated Ricard's appeals since the three charges against him were tried in one proceeding.
 {¶ 4} On appeal, Ricard's sole assignment of error states:
 {¶ 5} "The Trial Court committed reversible error and an abuse of discretion by ordering Defendant-Appellant to register as a sexually oriented offender for his conviction of a presumptively registration exempt offense, without making a predicate finding or determination pursuant to R.C. 2950.021 that removed the presumptive exemption from registration."
 {¶ 6} As a preliminary matter, we note that after numerous attempts by Ricard to obtain a transcript, an App. R. 9(D) statement was filed. In that statement, the trial court stated that, "[d]ue to circumstances beyond the control of the parties, the transcript for the captioned case is not available for the sentencing hearing only." This court takes *Page 3 
notice that there have been numerous cases appealed from this municipal court where the lack of a record appears to be at issue. Since this appears to have become a pattern, it raises serious cause for concern. As stated in State v. Cunningham (Apr. 2, 1993), 4th Dist. No. 91 CA 30, 1993 Ohio App. Lexis 1914, at *11, "[a]n accurate transcript is the lynch pin of appellate review. * * * However, where a trial court maintains a system so that, regularly and consistently, the events at trial cannot be transcribed and a proper appeal record cannot be prepared, such failure reaches constitutional proportions. Appellate review is vitiated."
 {¶ 7} In the instant case, the jury found Ricard guilty of voyeurism, a violation of R.C. 2907.08(A). Pursuant to R.C. 2907.08(A), "[n]o person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop upon another." A violation of R.C. 2907.08(A) constitutes a misdemeanor of the third degree. R.C. 2907.08(F)(2).
 {¶ 8} Ricard presents two arguments under his assignment of error. This court will first address Ricard's second argument that he is not required to register as a Tier 1 sex offender pursuant to the Adam Walsh Act, which became effective on January 1, 2008. See R.C. 2950, et seq. Because the instant appeal arises under former R.C. Chapter 2950, [1]
the trial court did not address the requirement of Ricard registering under the Adam Walsh Act. We, therefore, decline to address this argument since it is not properly before this court.
 {¶ 9} Ricard also maintains that since he was convicted of a presumptive registration-exempt sexually oriented offense, the trial court was required to make a *Page 4 
"finding or determination that removes the registration exemption" before it determined that he was required to register under R.C. Chapter 2950.
 {¶ 10} This court will reverse a sentencing court's determination to remove the exemption from a presumptive registration-exempt sexually oriented offense only if we conclude the sentencing court has abused its discretion. State v. Johnson, 6th Dist. No. OT-05-053, 2006-Ohio-7004, at *17-18. (Citations omitted.) "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157. (Citations omitted.)
 {¶ 11} The General Assembly, in 2003, amended R.C. Chapter 2950 to include the registration-exempt sexually oriented offenders, essentially a fourth class of sex offenders. State v. Cooper, 1st Dist. No. C-030921, 2004-Ohio-6428, at ¶ 14. "Under R.C. 2950.01, a presumption is created that certain sexually oriented offenses are exempt from the registration requirements of R.C. Chapter 2950." State v. Johnson,2006-Ohio-7004, at *9-10. As defined in former R.C. 2950.01(P)(1)(a) and (D)(1)(e), a presumptive registration-exempt sexually oriented offense includes a violation of R.C. 2907.08, voyeurism, when the offense is committed by a person, who is 18 years of age or older, "who previouslyhad not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any sexually oriented offense describedin division (P)(1)(a), (b), (c), (d), or (e) of this section, any other sexually oriented offense, or any child-victim oriented offense and when the victim or intended victim of the offense is eighteen years of age or older." (Emphasis added.)
 {¶ 12} Former R.C. 2950.01(Q)(1) stated that a "`[r]egistration-exempt sexually oriented offense' means any presumptive registration-exempt sexually oriented offense, *Page 5 
if a court does not issue an order under section 2950.021 of the Revised Code that removes the presumptive exemption and subjects the offender who was convicted of or pleaded guilty to the offense to registration under section 2950.04 of the Revised Code
 {¶ 13} Former R.C. 2950.021 governed the process a trial court was to follow when it required an offender who had been convicted of a presumptive registration-exempt sexually oriented offense to adhere to the registration requirements imposed by R.C. Chapter 2950. Former R.C. 2950.021 stated, in pertinent part:
 {¶ 14} "(A) If an offender * * * pleads guilty to * * * any presumptive registration-exempt sexually oriented offense, the court that is imposing sentence on the offender for that offense * * * may determine, prior to imposing the sentence, * * * that the offender should be subjected to registration under section 2950.04 of the Revised Code * * *. The court may make a determination as described in this division without a hearing but may conduct a hearing on the matter. In making a determination under this division, the court shall consider all relevant factors, including, but not limited to, public safety, the interests of justice, and the determinations, findings and declarations of the general assembly regarding sex offenders * * * that are set forth in section 2950.02 of the Revised Code."
 {¶ 15} When making this determination, the trial court was not required to hold a hearing. "Accordingly, in making its determination, the court can review the presentence report, the defendant's criminal history, and the underlying facts of the case to determine whether it is in the interests of justice and public safety to require the defendant to register as a sexually oriented offender." State v. Johnson,2006-Ohio-7004, at *16. *Page 6 
 {¶ 16} Upon consideration of all pertinent factors and a determination that the offender has overcome the presumption of a registration-exempt status, the trial court, pursuant to former R.C. 2950.021(B)(1), "shall issue an order that contains its determination and that removes the presumptive exemption from registration for the sexually oriented offense, shall include the order in the offender's sentence * * *, and shall enter the order in the record in the case."
 {¶ 17} In the instant case, the trial court issued a May 1, 2007 sentencing entry requiring Ricard to register with the Portage County and Medina County Sheriffs Departments. Although appellee states in its brief that the victim in this matter was over 18 years of age, there is nothing in the record before this court to establish that fact. If the victim in this case was under the age of 18, Ricard's voyeurism conviction would not be considered a presumptive registration-exempt sexually oriented offense as defined in former R.C. 2950.01 (P) and, therefore, he would be subject to the registration requirements of former R.C. Chapter 2950. See former R.C. 2950.04.
 {¶ 18} Further, in its brief, the state of Ohio argues that since Ricard has a previous conviction for voyeurism, his current conviction is not a presumptive registration-exempt sexually oriented offense. To support this assertion, the state refers to a copy of Ricard's 2001 conviction attached to defense counsel's motion to suppress other acts evidence filed in the trial court on April 19, 2007. However, upon review of the May 1, 2007 sentencing entry, it is not possible to ascertain whether the trial court relied upon Ricard's prior conviction in making the determination that he must register pursuant to former R.C. Chapter 2950. If the trial court did rely on Ricard's previous conviction, it must reflect that consideration in its sentencing entry. *Page 7 
 {¶ 19} In the alternative, if the instant conviction constitutes a presumptive registration-exempt sexually oriented offense, and the trial court did not consider Ricard's prior conviction, the trial court failed to issue an order pursuant to former R.C. 2950.021(B)(1). The lack of a proper record of the sentencing hearing may contribute to the result in this case. Normally, it is the responsibility of the appellant to provide an adequate record on appeal, but as the trial court indicated in the Rule 9(D) statement, the lack of a proper record is "due to circumstances beyond control of the parties." Under this set of circumstances, this court must reverse the sentence imposed by the trial court as it relates to the sex offender registration requirement. We do not disturb the remainder of Ricard's sentence.
 {¶ 20} Based on the foregoing, Ricard's sole assignment of error is with merit, and this matter is reversed and remanded for proceedings consistent with this opinion.
 {¶ 21} The stay of execution of sentence issued by this court on May 16, 2007 is hereby dissolved.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] R.C. 2950.021 has been repealed. *Page 1