[Cite as *State v. Klepatzki*, 2014-Ohio-4571.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100847

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BENJAMIN KLEPATZKI

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-407962-ZA

**BEFORE:** Keough, J., Rocco, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
By: Cullen Sweeney
Assistant Cuyahoga County Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Benjamin Klepatzki, appeals the trial court's denial of his Civ.R. 60(B) motion to vacate his sexual predator classification. For the reasons that follow, we affirm.

{¶2} In 2001, Klepatzki was convicted of breaking and entering, and two counts each of voyeurism and menacing by stalking. He was sentenced to five years of community control sanctions. In 2002, Klepatzki was found to be in violation of the terms and conditions of community control and was sentenced to 17 months in prison. This sentence was ordered to run concurrent with a 45-month sentence in Case No. CR 01-406228. This court affirmed his sentence in *State v. Klepatzki*, 8th Dist. Cuyahoga No. 81676, 2003-Ohio-1529 ("*Klepatzki I*").

{¶3} In 2003, the General Assembly amended Megan's Law in Am.Sub.S.B. 5 ("S.B. 5"), which allowed the state to request that Klepatzki be classified as a sex offender. In 2005 and while Klepatzki was still in prison serving the remainder of his sentence in Case No. CR 01-406228, the state requested in Case No. CR 01-407962 that Klepatzki be classified as a sexual predator. Following a hearing in 2006, the court classified Klepatzki as a sexual predator, which this court affirmed in *State v. Klepatzki*, 8th Dist. Cuyahoga No. 88416, 2007-Ohio-2511 ("*Klepatzki II* ").

**{¶4}** In 2013, Klepatzki moved the trial court pursuant to Civ.R. 60(B) to vacate his sexual predator classification. He argued that the trial court lacked the authority or jurisdiction to classify him because both voyeurism and menacing by stalking were presumptive registration-exempt sex offenses under former R.C. 2950.01(P)(1)(a). He contended that because the presumption was not removed by the trial court prior to sentencing, the offenses became "registration-exempt sexually oriented offenses" pursuant to former R.C. 2950.01(Q) and 2950.021. His motion also asserted that former R.C. 2950.09 did not authorize a trial court to hold a sexual predator classification hearing for registration exempt sexually oriented offense. Accordingly, Klepatzki argued that his classification was void ab initio.

**{¶5}** The state responded that Klepatzki's motion was untimely and barred by res judicata because this issue could have been raised at the time of classification in 2006 or in his appeal from that classification. The trial court agreed with the state and found that Klepatzki's motion was barred by the doctrine of res judicata.

**{¶6}** Klepatzki now appeals from this decision, raising as his sole assignment of error that the trial court erred when it failed to vacate a sexual predator classification that was based on offenses that were exempt from registration. He contends, citing *State v. Cole*, 8th Dist. Cuyahoga No. 96687, 2011-Ohio-6283, that res judicata does not bar this appeal because if a trial court classifies an individual as a sex offender without statutory authority to do so, the court acts without jurisdiction and the resulting order is void. In opposition, the state contends that Klepatzki's appeal is barred by res judicata.

**{¶7}** "A judgment will be deemed void when it is issued by a court which did not have subject matter jurisdiction or otherwise lacked the authority to act." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6. On the other hand, "a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12.

**{¶8}** If a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can be challenged on direct appeal or by collateral attack. *Fischer* at paragraph one of the syllabus; *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10 ("if a trial court imposes a sentence that is unauthorized by law, the sentence is void"). If a sentencing judgment is merely voidable, rather than void, the doctrine of res judicata applies and any argument regarding the merits of the decision is considered waived for all purposes unless it is asserted as part of the direct appeal. *State ex rel Porterfield v. McKay*, 11th Dist. Trumbull No. 1012-T-0012, 2012-Ohio-5027, ¶ 13.

**{¶9}** In 2001, when Klepatzki was originally sentenced, neither voyeurism nor menacing by stalking were statutorily defined as sexually oriented offenses under Megan's Law. *See* former R.C. 2950.01(2001). When the General Assembly amended Megan's Law through S.B. 5, former R.C. 2950.01 was amended to include both voyeurism and menacing by stalking of an adult as sexually oriented offenses. S.B. 5 also added another "class" of sex offenders: the registration exempt sexually oriented

offenders. *State v. Johnson*, 6th Dist. Ottawa OT-05-053, 2006-Ohio-7004, *9, citing *State v. Cooper*, 1st Dist. Hamilton No. C-030921, 2004-Ohio-6428.

**{¶10}** Under former 2950.01, a presumption is created that certain sexually oriented offenses are exempt from the registration requirements of R.C. Chapter 2950. Pursuant to former R.C. 2950.01(P)(1)(a) and (D)(1)(e), voyeurism and menacing by stalking committed by an offender 18 years of age or older and with a sexual motivation, are presumptive registration-exempt sexually oriented offenses, "when committed by a person who previously has not been convicted of, pleaded guilty to, or adjudicated a delinquent child for committing any sexually oriented offense described in division (P)(1)(a), (b), (c), (d), or (e), any other sexually oriented offense, * * *." (Emphasis added.)

**{¶11}** In this case, Klepatzki was convicted in 1989 of committing a sexually oriented offense — gross sexual imposition in violation of R.C. 2907.05. *See Klepatzki I* at ¶ 15 (noting Klepatzki's prior conviction). Former R.C. 2950.01(D)(1)(a) identifies gross sexual imposition as a sexually oriented offense. Therefore, Klepatzki's subsequent convictions for voyeurism and menacing by stalking were not presumptive registration-exempt sexually oriented offenses. *See* former R.C.2950.01(P)(2).

**{¶12}** In so far that Klepatzki argues that any sexual predator classification hearing had to occur prior to sentencing, the Ohio Supreme Court has rejected this argument by stating that "prior to sentencing" as written in former R.C. 2950.09(B)(2) is not jurisdictional, but directory. *State v. Bellman*, 86 Ohio St.3d 208, 210, 714 N.E.2d 381

(1999); *see also State v. Webb*, 9th Dist. Lorain No. 06CA008875, 2006-Ohio-5476; *State v. Echols*, 2d Dist. Greene No. 99CA60, 2000 Ohio App. LEXIS 1906 (May 5, 2000).

**{¶13}** Accordingly, Klepatzki's argument that his sexual predator classification is void is without merit because the trial court acted with authority and jurisdiction in classifying him as a sexual predator in 2006 pursuant to former R.C. 2950.09.   This court affirmed his sexual predator classification in *Klepatzki I*; thus, res judicata applies and the trial court did not err in denying Klepatzki's Civ.R. 60(B) motion to vacate.   The assignment of error is sustained.

**{¶14}**   Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MELODY J. STEWART, J., CONCUR